UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 05-80233-CIV-HURLEY

/ HOPKINS

RICHARD E. LINDSTROM, et al,

    Plaintiffs,

v.

SEAWEST FINANCIAL CORPORATION,

    Defendant.

_____/

NIGHT BOX
FILED

MAR 17 2005

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

    Defendant, SeaWest Financial Corporation ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes to the United States District Court for the Southern District of Florida, the action styled *Richard E. Lindstrom, et al v. SeaWest Financial Corporation,* filed on January 28, 2005, in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, Case No. 502005CA000897XXXXMB AI ("Lawsuit"), and states:

    1.    The Lawsuit is removed to this Court based upon diversity jurisdiction. 28 U.S.C. §§ 1332 and 1441.

    2.    Defendant and Plaintiffs are citizens of different states.



3. Plaintiffs are all Florida residents (Complaint ¶ 3).

4. At the time of both the filing of this lawsuit and the filing of this Notice of Removal of Action, Defendant was and is a corporation incorporated under the laws of the State of California (Complaint ¶ 5 and Exhibit "A" hereto) with its principal place of business in the State of California (Exhibit "A" hereto).

5. The Lawsuit seeks damages against the Defendant in excess of the amount in controversy threshold of $75,000.00, exclusive of interest and costs, required to remove an action based on diversity jurisdiction (Complaint Exhibit "A").

6. A true and correct copy of all process, pleadings, and orders served upon Defendant in this Lawsuit are attached hereto collectively as Exhibit "B".

7. This Notice of Removal of Action is filed within thirty (30) days of receipt of Plaintiff's Complaint in the Lawsuit by service of process on February 17, 2005, which was the first pleading received by Defendant setting forth the claims for relief upon which the Lawsuit is based.

8. A copy of this Notice of Removal of Action is being served on the Plaintiff and filed with the State Court as required by 28 U.S.C. §1446(d).

*WE HEREBY CERTIFY* that a true and correct copy of this Notice of Removal of Action was served by telecopy (561/241-5266) and U.S. Mail upon: HARRY WINDERMAN, ESQ. *(Attorney for Plaintiffs)*, 2255 Glades Road, Suite

218-A, One Boca Place, Boca Raton, Florida  33431-7391, on this _18th_ day of March, 2005.

            HOLLAND & KNIGHT LLP
            *Attorneys for Defendant*
            222 Lakeview Avenue – Suite 1000
            West Palm Beach, Florida  33401
            561-833-2000 telephone
            561-650-8399 facsimile
            scott.newman@hklaw.com

            By: _____
            Scott B. Newman
            Florida Bar Number: 339717

# 2674158_v1

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: _____

RICHARD E. LINDSTROM, et al,

    Plaintiffs,

v.                                                            Case No:

SEAWEST FINANCIAL CORPORATION,

    Defendant.
_____/

**AFFIDAVIT OF SEAWEST FINANCIAL CORPORATION IN SUPPORT OF <u>ITS NOTICE OF REMOVAL OF ACTION</u>**

STATE OF CALIFORNIA
COUNTY OF Los Angeles

    BEFORE ME the undersigned authority personally appeared William Dawes, as President of SeaWest Financial Corporation ("Seawest"), who, upon being duly sworn, deposes and says:

    1.    My name is William Dawes. I am President of SeaWest Financial Corporation ("SeaWest"). I have been employed by SeaWest since August 2004.

    2.    This Affidavit is submitted in support of SeaWest's Notice of Removal of Action. I make this affidavit based upon my personal knowledge of the facts stated herein.

    3.    At the time of both the filing of this lawsuit and the making of this affidavit, Seawest was and is a corporation organized and existing under the laws of

the State of California, with its principal place of business located in Los Angeles, California.

FURTHER AFFIANT SAYETH NAUGHT.

SEAWEST FINANCIAL CORPORATION

By: *William Dawes*
Name: William Dawes
Title: President

STATE OF CALIFORNIA
COUNTY OF Los Angeles

The foregoing instrument was acknowledged, sworn to and subscribed before me this 18th day of March, 2005, by William Dawes, as President of SeaWest Financial Corporation, who is personally known to me, ~~or who has produced _____ as identification.~~

*Mila Laparan*
Notary Public State of California
Print Name: Mila Laparan
Commission expires: _____
Commission number: _____

(NOTARY SEAL)



MILA LAPARAN
Commission # 1472879
Notary Public - California
Los Angeles County
My Comm. Expires Feb 27, 2006

# 2682382_v1

2

**EXHIBIT "B"**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

RICHARD E. LINDSTROM; DANIEL B. )
DAVIDOW; CHARLOTTE HIMMEL; )
CHARLOTTE HIMMEL, TTEE; ANNE A. )
THOMAS; MARTIN R. POLIN DMD; )
ARI PFEIFFER, CLU; JIM FAZIO GOLF )
DESIGN, INC.; DONALD C. HAYDEN; )   CASE NO. 2005CA000897 XXXX NB
SANDRA WEXLER; LEO R. SHALBEY; )
ERNEST L. ROLLS. REVOCABLE )
TRUST; MR. LAWRENCE H. COHEN and )
MRS. ROSLYN COHEN; FIRST TRUST )
CORPORATION FBO CHARLES E. )
NOTTINGHAM IRA; FIRST TRUST )
CORP. FBO HELEN R. CRAMER; )
ROBERT M. ZEISLER; MARION A. )
LORD; MARION AHBE LORD TTEE. )
THE MARION AHBE LORD TRUST; )
GERALD M. ROSS and JANET S. )
SIMPSON; DAVID F. COHEN; MICHAEL )
E. RICHARDSON RETIREMENT )
ACCOUNTS. INC.; MARTIN WAGMAN; )
RALPH BENNETT; PAGE CRAW; MARK )
S. BURWICK; MARY L. DUGGER and )
KIM MCILHENN; MARY L. DUGGER; )
    Plaintiff(s), )
vs. )
    )
SEA WEST FINANCIAL CORPORATION, )
    Defendant. )
_____/

## SUMMONS

TO THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE

You are hereby commanded to serve this summons and a copy of the Complaint or Petition in this action on Defendant:

    Mr. Frederick A. Cooper, as Agent for Service of Process
    SEAWEST FINANCIAL CORPORATION
    8303 Alondra Blvd., Suite 203
    Paramount, CA 90723

Each Defendant is required to serve written defenses to the Complaint or Petition on Harry Winderman, Esq., Plaintiff's Attorney, whose address is One Boca Place, Suite 218A, 2255

Glades Road, Boca Raton, Florida 33431, within Twenty (20) Days after the service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's Attorney or immediately thereafter. If the Defendant fails to do so, a Default will be entered against the Defendant for the relief demanded in the Complaint or Petition.

Dated on this _____ day of _____ JAN 2 3 2005.

Clerk of the Court

SHARON R. BOCK
Clerk & Comptroller

By: _____FRANCES T. _____
    Deputy Clerk

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667


CT System

Service of Process Transmittal Form
Los Angeles, California

02/18/2005

Via Federal Express (Overnight)

TO: Bill Downs, President and CEO
SeaWest Financial Corporation
10547 Jefferson Blvd.
Culver City, CA 90232

RE: **PROCESS SERVED IN CALIFORNIA**

FOR    Seawest Financial Corporation Domestic State: Ca

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: Richard E. Lindstrom, et al, Pltfs. vs Seawest Financial Corporation, Dft.

2. DOCUMENT(S) SERVED: Summons, Complaint, Exhibit A

3. COURT: Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida
Case Number 502005CA000897XXXMB

4. NATURE OF ACTION: Complaint for alleged sale of unregistered securities in violation of Florida Statutes.

5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Los Angeles, California

6. DATE AND HOUR OF SERVICE: By Process server on 02/17/2005 at 13:55

7. APPEARANCE OR ANSWER DUE: Within 20 days

8. ATTORNEY(S): Harry Winderman
(561) 241-0332
2255 Glades Road
Suite 218-A
Boca Raton, CA 33431-7391

9. REMARKS: According to the records of our office our services have been discontinued in this state. Secretary of State of California has confirmed that C T Corporation System is agent.

SIGNED    CT Corporation System
PER       Jere Keprios /VI
ADDRESS   818 West Seventh Street
          Los Angeles, CA 90017
          SOP WS 0007011801

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

RICHARD E. LINDSTROM; DANIEL B. )
DAVIDOW; CHARLOTTE HIMMEL; )
CHARLOTTE HIMMEL, TTEE; ANNE A. )
THOMAS; MARTIN R. POLIN DMD; )
ART PFEIFFER, CLU; JIM FAZIO GOLF )
DESIGN, INC.; DONALD C. HAYDEN; )
SANDRA WEXLER; LEO R. SHALBEY; )
ERNEST L. ROLLS, REVOCABLE )
TRUST; MR. LAWRENCE H. COHEN and )
MRS. ROSLYN COHEN; FIRST TRUST )
CORPORATION FBO CHARLES E. )
NOTTINGHAM IRA; FIRST TRUST )
CORP. FBO HELEN R. CRAMER; )
ROBERT M. ZEISLER; MARION A. )
LORD; MARION AHBE LORD TTEE, )
THE MARION AHBE LORD TRUST; )
GERALD M. ROSS and JANET S. )
SIMPSON; DAVID F. COHEN; MICHAEL )
E. RICHARDSON RETIREMENT )
ACCOUNTS, INC.; MARTIN WAGMAN; )
RALPH BENNETT; PAGE CRAW; MARK )
S. BURWICK; MARY L. DUGGER and )
KIM MCILHENN; MARY L. DUGGER; )
    Plaintiff(s), )
vs. )
 )
SEAWEST FINANCIAL CORPORATION, )
    Defendant. )
_____/

CASE NO. 

RECEIVED COPY FOR FILING JAN 28 2005 SHARON R. BOCK CLERK & COMPTROLLER CIRCUIT CIVIL DIVISION

## COMPLAINT

Plaintiffs, RICHARD E. LINDSTROM; DANIEL B. DAVIDOW; CHARLOTTE HIMMEL; CHARLOTTE HIMMEL, TTEE; ANNE A. THOMAS; MARTIN R. POLIN DMD; ART PFEIFFER, CLU; JIM FAZIO GOLF DESIGN, INC.; DONALD C. HAYDEN; SANDRA

1

WEKLER; LEO R. SHALBEY; ERNEST L. ROLLS. REVOCABLE TRUST; MR. LAWRENCE H. COHEN and MRS. ROSLYN COHEN. FIRST TRUST CORPORATION FBO CHARLES E. NOTTINGHAM IRA; FIRST TRUST CORP. FBO HELEN R. CRAMER; ROBERT M. ZEISLER; MARION A. LORD; MARION AHBE LORD TTEE. THE MARION AHBE LORD TRUST; GERALD M. ROSS and JANET S. SIMPSON; DAVID F. COHEN; MICHAEL E. RICHARDSON RETIREMENT ACCOUNTS. INC.; MARTIN WAGMAN; RALPH BENNETT; PAGE CRAW; MARK S. BURWICK; MARY L. DUGGER and KIM MCILHENN; MARY L. DUGGER. by their undersigned attorney. sue Defendant and allege:

## JURISDICTION AND VENUE

1. Jurisdiction is appropriate in this Court Pursuant to Florida Statutes §48 193 1 (a). (b). (f). (g). and 2 in that Defendant: (i) operate. conduct, engage in. or carry on a business or business venture in this state or have an office or agency in this state; (ii) committed a tortious act within this state; (iii) caused injury to persons or property within this state arising out of an act or omission by the Defendant outside this state, if, at or about the time of the injury; (iv) breached a contract in this state by failing to perform acts required by the contract to be performed in this state; and (v) the Defendants engage in substantial and not isolated activity within this state. whether such activity is wholly interstate. intrastate, or otherwise. which is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity. Moreover. the Defendants engaged and continue to engage in substantial activity within this state.

2

2.	Venue is appropriate in this Court pursuant to Florida Statutes §47.011 in that the causes of action have accrued in Palm Beach County. Accordingly, pursuant to Florida Statutes §47.021, and 47.051 this action is properly brought in this county.

3.	The Plaintiffs are all Florida residents.

4.	The Plaintiffs were issued promissory notes by the Defendants, which constituted securities of the Defendant, copies of which, to the extent they exist, are attached hereto as Exhibit "A"

5.	Defendant is a California corporation that sold various securities within the State of Florida.

6.	At all times relevant hereto, the Defendants were in the business of operating an automobile financing company and in the business of selling investments through private placement offerings and/or securities.

7.	On or about the dates of the promissory note or if the notes are not attached, then on or about August 13, 2003, were issued the promissory notes and advanced the sums listed on Exhibit "A" to the Defendant.

8.	Defendant has failed and refused to make any payments of principal and/or interest since August of 2004 and is in default of its obligations there under.

9.	Plaintiffs are the owners and holders of their respective promissory notes.

10.	No registration statement was in effect at the time of the sale of the above securities to the Plaintiffs nor has a registration statement ever been filed with the Securities and Exchange Commission.

3

11. Defendant failed to supply Plaintiffs with proper disclosure documents; failed to properly assess the sophistication of the Plaintiffs for the purchase of these securities; failed to comply with the requirements of Section 4(2) of the Securities and Exchange Act of 1933 and Regulation D adopted there under in that no audited balance sheet for the issuer of the securities was prepared and presented to the Plaintiffs and no Form D was filed with the Securities and Exchange Commission; and otherwise failed to comply with Chapter 517, Florida Statutes by advising the Plaintiffs of their right to rescind within three business days.

## COUNT I
## SALE OF UNREGISTERED SECURITIES IN VIOLATION
## OF FLORIDA STATUTES ' 517.07

12. Plaintiffs reallege the allegations contained in paragraphs 1 through 11. above as though fully set forth herein.

13. Although the said offering was made as ostensibly private placements exempt from registration under Florida Statutes " 517.051 and 517.061. said offering and/or private placement offered by the Defendant violated the registration requirements set forth in Florida Statutes ' 517.07. The offering/private placement is in fact a security that should have been registered as required by Florida Statutes ' 517.07.

14. The Defendant sold such unregistered securities by means of unauthorized solicitations, letters and telephone calls, all within the meaning of Florida Statutes ' 517.211(1).

15. The investment capital paid by Plaintiffs to Defendant has been dissipated and consumed by Defendant.

4

16. The Defendant is liable to the Plaintiffs for the consideration paid for such securities which each purchased, plus interest thereon at the legal rate, plus attorneys fees, all as provided in Florida Statutes ' 517.211.

17. Plaintiffs have suffered damages as a direct and proximate result of Defendant's acts.

18. Plaintiffs have retained the undersigned counsel to maintain this action and have agreed to pay said counsel a reasonable attorney's fee for their services

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages, interest, costs and reasonable attorneys fees.

## COUNT II
## RESCISSION PURSUANT TO FLORIDA STATUTES ' 517.211

19. Plaintiffs reallege the allegations contained in paragraphs 1 through 11, above as though fully set forth herein.

20. Pursuant to Florida Statutes ' 517.211, Plaintiffs are entitled to rescind their purchase of securities.

21. By the filing of this action Plaintiff hereby exercise their above right to rescind and demand immediate repayment of their investment capital.

22. The Defendant is liable to the Plaintiffs for the consideration paid for such securities which each purchased, plus interest thereon at the legal rate, plus attorneys fees, all as provided in Florida Statutes ' 517.211.

23. Plaintiffs have suffered damages as a direct and proximate result of Defendant's acts.

5

24. Plaintiffs have retained the undersigned counsel to maintain this action and have agreed to pay said counsel a reasonable attorney's fee for their services.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages, interest, costs and reasonable attorneys fees.

## COUNT III
## FAILURE TO REPAY PROMISSORY NOTES

25  Plaintiffs reallege the allegations contained in paragraphs 1 through 11, above as though fully set forth herein

26. This is a cause of action for damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees.

27. All conditions precedent to the acceleration of the Promissory Note have been fulfilled or have occurred.

28. The Plaintiffs declare the full amount of their promissory notes to be due and payable.

29. The Plaintiffs are obligated to pay their attorney a reasonable fee for his services and the Defendant is obligated to pay said fees pursuant to the terms of the promissory notes.

**WHEREFORE**, Plaintiff demands judgment in the amount of promissory notes plus pre-judgment interest and costs, attorney's fees and such other relief as this Court deems just and proper.

## COUNT IV
## REESTABLISH LOST PROMISSORY NOTES

30. This is an action to reestablish promissory notes not attached as Exhibit "A" under Florida Statutes '71.011

31. On or about August 13, 2003, Defendant executed and delivered the promissory notes not attached hereto but listed in Exhibit "A".

32. The original document(s) were received by the Plaintiffs at the inception of the loan and while in their custody, the promissory notes were lost or destroyed under unknown circumstances.

33 Plaintiff knows of no parties except the Defendant who are interested in the reestablishment of said document(s).

**WHEREFORE**, Plaintiff prays that this Court reestablish the promissory notes that will be produced by Defendant during discovery.

**HARRY WINDERMAN, ESQ.**
Attorney for Plaintiffs
2255 Glades Road, Suite 218-A
One Boca Place
Boca Raton, Florida 33431-7391
(561) 241-0332 Telephone
(561) 241-5266 Facsimile

By: _____
HARRY WINDERMAN, ESQ.
Fla Bar No. 0209562

7

## EXHIBIT "A"

| | |
|---|---:|
| Richard E. Lindstrom | $ 25,010 |
| Daniel B. Davidow | 50,000 |
| Charlotte Himmel | 30,000 |
| Charlotte Himmel, TTEE | 10,000 |
| Anre A. Thomas | 15,000 |
| Martin R. Polin Dmd | 10,000 |
| Art Pfeiffer, CLU | 50,000 |
| Jim Fazio Golf Design, Inc. | 25,000 |
| Donald C. Hayden | 25,025 |
| Sandra Wexler | 15,000 |
| Leo R. Shalbey | 5,000 |
| Ernest L. Rolls, Revocable Trust | 207,000 |
| Mr. Lawrence H. Cohen And Mrs. Roslyn Cohen | 15,000 |
| First Trust Corporation FBO Charles E. Nottingham Ira | 5,000 |
| First Trust Corp. FBO Helen R. Cramer | 75,000 |
| Robert M. Zeisler | 30,000 |
| Marion A. Lord | 20,000 |
| Marion Ahbe Lord Ttee, The Marion Ahbe Lord Trust | 20,000 |
| Gerald M. Ross And Janet S. Simpson | 25,000 |
| David F. Cohen | 5,000 |
| Michael E. Richardson Retirement Accounts, Inc. | 5,005 |
| Martin Wagman | 5,005 |
| Ralph Bennett | 5,005 |
| Page Craw | 5,005 |
| Mark S. Burwick | 5,005 |
| Mary L. Dugger And Kim Mcilhenn | 3,003 |
| Mary L. Dugger | 1,001 |

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Richard E. Lindstrom, et al

**DEFENDANTS**
SeaWest Financial Corporation

NIGHT BOX FILED
MAR 17 2005

CIV-HURLEY  [HOPKINS]

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** unknown
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** CLARENCE MADDOX
(IN U.S. PLAINTIFF CASES ONLY) WPDC/SDFL/FTL
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

05-80233

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 561-241-0332
Harry Winderman, Esq.
2255 Glades Road, Suite 218-A
Boca Raton, Florida 33431-7391

**ATTORNEYS (IF KNOWN)** 561-833-2000
Scott B. Newman, Esq.
Holland & Knight LLP
222 Lakeview Avenue - Suite 1000
West Palm Beach, Florida 33401

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

9:05 CV 80233-DTKH

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

JMH

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | | ☒ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Claims for recission and damages under Florida Statute Chapter 517.

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
not stated

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 3/18/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 533619  AMOUNT 250  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____